UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDI BOULWARE,

        Plaintiff,

v.

        Case No. 25-cv-11825
        Honorable Linda V. Parker

TRANS UNION LLC,

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (NO. 5) AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT WITHIN TWENTY-ONE (21) DAYS TO ADDRESS DEFICIENCIES IDENTIFIED IN THIS OPINION AND ORDER

On May 20, 2025, Plaintiff, proceeding pro se, initiated this civil action against Defendant by filing an Affidavit and Claim in Michigan's 36th District Court.  (ECF No. 1 at PageID.7.)  Defendant removed the action to federal court based on original subject matter jurisdiction on June 18, 2025.  (ECF No. 1.)  Although the copy of Plaintiff's state-court pleading which Defendant filed here is of poor quality, it appears that Plaintiff alleges a violation of the federal Fair Credit Reporting Act ("FCRA") based on Defendant's willful inclusion of information on Plaintiff's credit report, which Defendant refused to correct.  (*See id*. at PageID.7.)

Defendant has moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 5.)  The motion is fully briefed.  (ECF

Nos. 7-9.)  For the reasons set forth below, the Court is granting the motion but allowing Plaintiff to cure the deficiencies in her pleading, if she can, by filing an amended complaint.

**Standard of Review**

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  The

plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Pro se pleadings, however, "are held to a less stringent standard than those prepared by an attorney" and are liberally construed in the plaintiff's favor. *Fazzini v. N.E. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006).

## Factual Allegations

Although Plaintiff's small claims complaint is devoid of detail—which is likely typical of small claims filings—she indicates in response to Defendant's motion that she "has repeatedly disputed inaccurate and harmful entries on [her] credit report" including "[i]mproper and unverifiable accounts under the furnisher AmerAssist (a debt collector collecting on behalf of a bankrupt company, SmileDirect) as well as National Credit Systems[.]" (ECF No. 7 at PageID.32.)

Plaintiff also claims the report includes "[i]ncorrect personal identifiers (e.g., misspelled names, outdated addresses).  (*Id*.)

Plaintiff submitted disputes to Defendant "in accordance with the FCRA's procedures[.]"  (*Id*. at PageID.33.)  Defendant, however, did not "conduct reasonable investigations following [Plaintiff's] formal disputes[,]" failed to respond to Plaintiff, and continued reporting the disputed debts on Plaintiff's credit report.  (*Id*. at PageID.33-35.)  Plaintiff claims this caused her harm, including the loss of multiple job offers, the denial of housing and vehicle financing, and extreme stress.  (*Id*. at PageID.35.)

### Applicable Law & Analysis

Defendant construes Plaintiff's Complaint as asserting a potential claim under the FCRA and a state-law negligence claim.  In response, Plaintiff does not address Defendant's argument for why a negligence claim would fail, and she does not claim to be alleging negligence.  Therefore, the Court focuses only on whether she alleges a plausible claim under the FCRA and grants Defendant's motion to the extent it seeks dismissal of a negligence claim.  *See Notredan, LLC v Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (failure to address an argument in response to a motion amounts to a forfeiture of the claim); *Murray v. Geithner*, 763 F. Supp. 2d 860, 871-72 (E.D. Mich. 2011) (citing *Humphrey v. U.S. Atty. General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008)) ("When a party fails

to respond to a motion or argument therein, the Sixth Circuit has held that the lack of response is grounds for the district court to assume opposition to the motion is waived.").

The "FCRA expressly creates a private right of action to enforce many of its terms. Consumers may bring suit to recover actual damages, and potentially attorney's fees and costs, from '[a]ny person who is negligent in failing to comply with any requirement imposed . . . with respect to any consumer' under the Act." *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012) (quoting 15 U.S.C. § 1681o).

"The FCRA regulates the field of consumer reporting and governs the collection and use of consumer credit information." *See LaBreck v. Mid-Mich. Credit Bureau*, No. 1:16-cv-1160, 2016 WL 6927454, at *2 (W.D. Mich. Nov. 28, 2016). "The purpose of the Act is 'to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer.'" *Id.* (quoting 15 U.S.C. § 1681(b)). "The Act covers three main actors: (1) credit reporting agencies; (2) users of consumer reports; and (3) furnishers of information to credit reporting agencies." *Id.* at *2 (citing *Ruggiero v. Kavlich*, 411 F. Supp. 2d 734, 736 (N.D. Ohio 2005)).

Plaintiff presumably is asserting a claim against Defendant as a credit reporting agency.  Under the FCRA, a credit reporting agency must (1) provide accurate information, 15 U.S.C. § 1681s-2(a), and (2) investigate disputed information free of charge at the consumer's request, *id.* § 1681s-2(b).  A violation of the statute does not exist if an inaccuracy does not exist.  *See* 15 U.S.C. § 1681i(a).

To state a claim under the FCRA based on a credit reporting agency's report of inaccurate information, the plaintiff must show:

> (1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury.

*Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 941 (6th Cir. 2020) (quoting *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 844 (6th Cir. 2004)).  The first element requires a plaintiff to allege that the credit reporting agency "reported either 'patently incorrect' information about them *or* information that was 'misleading in such a way and to such an extent that it could have been expected to have an adverse effect on the consumer.'"  *Id.* (quoting *Dalton v. Cap. Assoc. Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001)).

In other words, a consumer can demonstrate an inaccuracy where a report was materially misleading or incomplete, even if it was technically accurate.  *Id.* at

943. As the Sixth Circuit explained in *Berry v. Experian Information Solutions, Inc.*, 115 F.4th 528 (6th Cir. 2024), "[b]ecause the FCRA is designed to promote accuracy, 'false impressions can be just as damaging as false information.'" *Id.* at 537 (quoting *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 813 (7th Cir. 2023)). Plaintiff fails to plead facts to satisfy this first element.

It is not enough for Plaintiff to simply allege that Defendant included "improper" entries on her credit report, even if she identifies some of the creditors to which those inaccuracies are associated. Such an allegation is threadbare. She must specifically identify the information she claims is inaccurate. But, also, she must allege facts plausibly showing that the information is "patently incorrect" or "misleading in such a way and to such an extent that it could have been expected to have an adverse effect on [her]." *See supra*.

## Conclusion

To the extent Plaintiff is alleging negligence, the claim is dismissed. As a matter of law, even when the facts in Plaintiff's response are considered, she does not sufficiently allege the requisite elements for recovery under the FCRA. However, the Court believes she should be afforded an opportunity to amend her pleading to address the deficiencies addressed herein. This is particularly so as her original complaint was filed as a small claims matter in state district court.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (ECF No. 5) is

**GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended

complaint within twenty-one (21) days of this Opinion and Order.  If Plaintiff fails

to timely file an amended complaint, this matter will be dismissed with prejudice.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: March 30, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, March 30, 2026, by electronic and/or
U.S. First Class mail.

s/Aaron Flanigan
Case Manager